NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CATERINA W., *Appellant*,

*v.*

ANTHONY R., S.R., *Appellees*.

No. 1 CA-JV 17-0558
FILED 5-24-2018

Appeal from the Superior Court in Maricopa County
No. JS518175
The Honorable Steven P. Lynch, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Gerald D. Sherrill, Attorney at Law, Scottsdale
By Gerald D. Sherrill
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Jennifer B. Campbell joined.

**B E E N E**, Judge:

¶1        Caterina W. ("Mother") appeals the superior court's ruling denying her request for severance of the parent-child relationship of S.R. (born in 2012) and Anthony R. ("Father"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Father are the biological parents of S.R. and were not married at the time of S.R.'s birth. During the first years of S.R.'s life, Mother and Father lived together and raised S.R. as co-parents. Both before and after S.R.'s birth, Father had several DUI arrests that led to him being incarcerated from September 2014 through May 2015. In March 2015, Mother filed a petition to establish Father's paternity in family court.

¶3        After Father's release in May 2015, he visited S.R. multiple times before an incident in August 2015, in which he showed up to Mother's residence intoxicated and Mother refused him access to S.R. In August 2015, Father received a default order for custody and child support from their family court case that gave Mother sole legal decision-making authority over S.R. (the "family court order"). The family court order also required Father to satisfy the terms of his probation, pay all his fines, and participate in an alcohol treatment program before the court would reconsider his parenting time. After receiving the family court order, Father had no physical contact with S.R.

¶4        Between August 2015 and March 2016, Father spoke with S.R. on the phone several times. However, after March 2016, Father did not attempt to contact S.R. in any way, including by phone, letters, cards, or gifts. Father was again incarcerated from October 2016 through October 2017.

¶5        In March 2017, Mother filed a petition for termination of Father's parental rights to S.R., in which she alleged abandonment due to Father's failure to maintain a normal parental relationship with S.R. without just cause for six or more months under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(1). In November 2017, the superior court held a two-day contested termination hearing and subsequently denied Mother's request for severance of Father's parental rights to S.R., finding that Mother had not established by clear and convincing evidence abandonment under A.R.S. § 8-533(B)(1). Mother timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235, 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.    Standard of Review

**¶6**    The right to parent one's child is fundamental but not absolute. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005). The superior court may terminate parental rights if it finds, "by clear and convincing evidence, at least one of the statutory grounds set out in section 8-533," and by a preponderance of the evidence that termination is in the best interests of the child. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶ 12 (2000); *Kent K.*, 210 Ariz. at 284, ¶ 22.

**¶7**    "[W]e view the evidence and reasonable inferences to be drawn from it in the light most favorable to sustaining the court's decision," *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009), and we will not reverse unless there is no reasonable evidence to support the order, *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings," we will accept its findings of fact unless no reasonable evidence supports them. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

### II.    Abandonment

**¶8**    Mother argues that the superior court erred by using an incorrect standard of abandonment to determine whether Father had abandoned S.R.  She specifically argues that, regarding Father's relationship with S.R., the court erred by considering Father's subjective intent instead of his conduct.

**¶9**    One statutory ground for termination is abandonment. A.R.S. § 8-533(B)(1). "Abandonment" is defined as:

> the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

A.R.S. § 8-531(1).

**¶10**      We assess abandonment objectively based on the parent's conduct, not subjective intent. *Michael J.*, 196 Ariz. at 249-50, ¶ 18. "What constitutes reasonable support, regular contact, and normal supervision varies from case to case." *Id.* at 250, ¶ 20 (citation omitted). "Questions of abandonment and intent are questions of fact for resolution by the trial court. Unless there is no reasonable evidence to support the juvenile court's finding of facts, we must accept them." *Yuma Cty. Juvenile Court Action No. J-87-119*, 161 Ariz. 537, 539 (App. 1989) (internal citation omitted).

**¶11**      Here, reasonable evidence supports the superior court's finding that Father had not abandoned S.R. The court determined that Father had not contacted S.R. in any way since March 2016. However, the court also found that Father "believed he could not see [S.R.] until he completed the terms of the Family Court order" and "that his lack of contact was based on his good faith belief that he was complying with the terms of the Family Court Order."

**¶12**      Father repeatedly testified at the termination hearing that he thought that (1) the family court order prevented him from seeing S.R. until he "fulfill[ed] the requirements" of his probation, and (2) Mother could prevent him from interacting with S.R. because the "court order gave her the parenting rights to tell [Father] whatever she wanted [him] to not do." Moreover, the guardian *ad litem* argued at the termination hearing that abandonment had not been proven by clear and convincing evidence because "if [Father was] under the impression that he can't have contact" with S.R. pursuant to the family court order, then Father "was doing what he thought the Court and the Mother wanted."

**¶13**      While Mother argues it was error for the superior court to consider Father's subjective intent regarding his understanding of the family court order as opposed to his conduct of not having any interactions with S.R. for a period greater than six months, the court's evaluation of a parent's efforts "will depend on the circumstances of the particular case." *Kenneth B. v. Tina B.*, 226 Ariz. 33, 37, ¶ 19 (App. 2010). Here, the court considered all the evidence and concluded that all testimony was credible, including Father's. Abandonment questions are questions of fact for the superior court to decide, *J-87-119*, 161 Ariz. at 539, and we must accept the court's findings of fact unless no reasonable evidence supports them, *Jesus*

*M.*, 203 Ariz. at 280, ¶ 4.  Because reasonable evidence supports the court's determination, we find that the court did not err.[1]

**CONCLUSION**

¶14        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[1]        Mother also argues that the superior court's finding that Father believed he was complying with the family court order was contrary to the evidence, citing several instances of Father's failure to comply with that order.  However, the court's finding only pertains to Father's belief that the order gave Mother the authority to prevent him from contacting S.R., not that Father believed he was complying with all aspects of the order.  Therefore, we do not consider this argument.